**Gerald Names, Appellee, v. Chicago City Railway Company, Appellant.**

**Gen. No. 17,484.**

1. STREET RAILROADS—*evidence.* In a personal injury action where all the evidence shows that plaintiff was injured by defendant's street car at the time and place stated by the only witness, the verdict is sustained though the testimony of the witness who saw the accident contains contradiction.

2. CONTRIBUTORY NEGLIGENCE—*when question of fact.* In a personal injury action where plaintiff, a boy seven years old, is struck by defendant's street car the question whether he was guilty of contributory negligence is for the jury.

3. EVIDENCE—*when admission is improper though not reversible error.* In a personal injury action where plaintiff, a boy seven years old, is struck by defendant's street car, testimony that he "hollered" when his hair was cut and cried when his face was washed after the accident though improper is not reversible error.

4. STREET RAILROADS—*instructions as to negligence.* An instruction, that if the jury find from a preponderance of the evidence that defendant's car struck plaintiff and that plaintiff was in the exercise of ordinary care for one of his age, capacity, knowledge, intelligence and experience before and at the time of the accident, and the motorman in charge of the car was aware, or ought to have been aware by the exercise of due care, of plaintiff's danger, if plaintiff were in danger, in time to have stopped the car before it

struck and injured plaintiff, then the jury should find defendant guilty, is not erroneous because it does not tell the jury that they must also find the injuries complained of were the direct and proximate result of the negligence.

5. VERDICT—*when not excessive.* Where plaintiff, a seven year old boy, is struck and injured by defendant's street car, a verdict for $2,500 is held not excessive, the weight and credit to be given the testimony regarding the extent of plaintiff's injury being a question for the jury.

Appeal from the Superior Court of Cook county; the Hon. ALBERT C. BARNES, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed May 26, 1913.

EDWARD C. HIGGINS and A. C. WILD, for appellant; LEONARD A. BUSBY, of counsel.

PINES & NEWMAN and JOHNSON & BELASCO, for appellee; JOEL BAKER, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

October 30, 1907, plaintiff, then seven years and two months old, was crossing Forty-third street at its intersection with Vincennes avenue, going northwesterly. When he reached the north rail of the north, the west-bound, track of defendant, he was struck by a west-bound car and injured. He recovered a judgment for $2,500, to reverse which defendant prosecutes this appeal. No report of the accident was made to the defendant by the motorman or conductor and neither was called as a witness, it is said, because neither knew that anyone was struck by the car. Mrs. Cline testified in chief that she saw the accident, but on cross-examination admitted that she did not see the injured boy until after he was picked up. Counsel for both parties disregard her testimony as to the accident and agree that Stanhope, a colored boy seventeen years old, is to be considered as the only witness who testified that he saw the accident. He testified that he thought the car was running at the rate of eighteen miles per hour, that "it was light

plainly," that he heard no bell or gong. It is insisted on behalf of appellant that Stanhope could not possibly have seen the car strike plaintiff because, from his testimony, the car must have been between him and the plaintiff when he was struck by the car, and that because of contradictions in his testimony it is not sufficient to support the verdict.

The testimony other than that given by Stanhope tends to show that plaintiff was carried from the place, where Stanhope testified that he was struck by the car, into a drug store; that Mrs. Cline there washed the dirt from his face; that Dr. Golden, whose office was over the drug store, was called and soon came and gave him first aid treatment; that his ear was bleeding when he was taken to the drug store; that his father and mother, who lived in the neighborhood, soon came and took him home; that Dr. Orr was sent for and came to see plaintiff and while he was there Dr. Babcock, a doctor sent by the defendant, came and examined plaintiff. The evidence clearly shows that plaintiff was injured at the time and place stated by Stanhope and there is no suggestion that he was injured otherwise than by a street car. We think that from all the evidence the jury might properly find that the defendant was guilty of the negligence alleged in the declaration and that as a result thereof the plaintiff was injured.

In view of the age of the plaintiff we think the question whether he was guilty of contributory negligence was a question for the jury, on which their verdict must be held conclusive.

Complaint is made that witnesses were permitted to testify that plaintiff "hollered" when his hair was cut and cried when his face was washed. The witnesses were not permitted to state what plaintiff said. We think the testimony might well have been excluded, but the judgment should not be reversed because it was admitted.

It is also insisted that it was error to give for the

plaintiff this instruction: "The court instructs the jury that if you find from a preponderance of the evidence, under the instructions of the court, that the defendant's car struck the plaintiff and that plaintiff was in the exercise of ordinary care for one of his age, capacity, knowledge, intelligence and experience before and at the time of the accident in question, and if you further believe from a preponderance of the evidence that the motorman in charge of the car in question was aware, or ought to have been aware by the exercise of due care, of plaintiff's danger of being struck by said car, if the plaintiff were in such danger, in time to have stopped the car before it struck and injured plaintiff, then you should find defendant guilty," because it does not "tell the jury that they must also find that the injuries complained of by plaintiff were the direct and proximate result of negligence." We do not think that the instruction is subject to the objection made against it.

The final contention is that the damages are excessive. If the jury believed the testimony of plaintiff's parents as to his symptoms and condition before and after his injury and the testimony of Dr. Kierman as to what such symptoms and condition indicated, the damages are not excessive and the question as to the weight and credit to be given to their testimony was a question for the jury.

We think the record is free from reversible error, and the judgment is affirmed.

*Affirmed.*