## W. O. Edwards, Administrator, Appellee, v. George W. Negley, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Vermilion county; the Hon. M. W. THOMPSON, Judge, presiding. Heard in this court at the October term, 1914. Reversed and remanded. Opinion filed December 11, 1914.

### Statement of the Case.

Action by W. O. Edwards, administrator of Lonnie Arthur, deceased, against George W. Negley to recover damages for the benefit of next of kin resulting

from the alleged wrongful death of deceased. From a judgment for $362.50, for plaintiff, defendant appeals.

Lonnie Arthur was a child four years old living with his parents in a house owned by appellee at the northwest corner of a block. The lot was surrounded by a fence. In the rear of the lot was a fence separating the lot from an alley running north and south through the block. The street running east and west on the north side of the block was known as Gregg street. The lots, in the block in which the Arthurs lived, lying west of the alley were vacant except that they were used by appellee for storing logs for a saw mill of his on property west of the block. The lot immediately west of the lot the Arthurs lived on was lot 24.

North of Gregg street and in line with the fence in the rear of the lot the Arthurs lived on was a barn in which the Arthurs kept a pony. There was a fence along the south side of Gregg street. There was a gate in the fence on the north side of lot 24 and a small gateway into the alley in the rear of the Arthur lot. The evidence tended to show that the end of the alley near Gregg street was somewhat obstructed with logs and that in order to drive in with coal and other supplies to the Arthurs and other tenants east of the alley, teams drove from Gregg street through the gate on the north side of lot 24, then east to the alley and along the alley.

The evidence also tended to show that on the day of the death of Lonnie Arthur, George Arthur a brother of Lonnie, with Lonnie went to feed the pony in the barn and after that was done George went west on Gregg street leaving Lonnie on Gregg street near the gate, and that Lonnie started to go through the gate and across lot 24 to go home. The evidence further tended to show that a day or so before the death of Lonnie, an employee of appellant, while at work

skidding logs on lot 24, had left the frame of a truck
made of six by six oak timbers about six feet long,
with cross pieces three or four feet long, to which were
attached iron axles, reared up nearly perpendicular
against the fence or one of the gateposts.

It was claimed by appellee that the lot with logs on
it with the truck as reared up was an attractive nuis-
ance, and that Lonnie pulled over this frame, weighing
about three hundred and fifty pounds, and that it fell
on him and killed him. George Arthur testified that
he told Lonnie to go home, and that he, George, had
gone a few feet west when he looked around and saw
Lonnie with the truck lying on him.

George Arthur testified that the truck was reared
up by the fence, the lower side of it about a foot from
the fence, when they went past it on the way to feed
the pony, and that after he told Lonnie to go home and
Lonnie started through the gate, and when he, George,
had gone a few feet, he looked around and saw Lonnie
lying on the ground with the truck on him and that he
lifted the truck off Lonnie and put it back against the
fence, moved Lonnie a short distance and ran to the
house for his mother. A number of witnesses who
arrived there in a few minutes say the truck was lying
on the ground a few feet from Lonnie. The little boy
was killed by a fracture of the skull. The employees
of appellant testified the frame of the truck was in a
safe condition and that the little boy could not have
pulled it over upon himself. Several witnesses testify
that children of tenants of appellant living just east
of the alley were frequently playing in the log yard
with the knowledge of appellant.

F. L. DRAPER, for appellant.

R. ALLAN STEPHENS, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the
opinion of the court.

## Abstract of the Decision.

1. Negligence, § 19*—*when question of death from attractive nuisance for jury*. The question of the cause of the death of a four-year-old boy who was found under a heavy truck, weighing three hundred and fifty pounds, on a lot belonging to defendant adjoining the father's premises, and whether it was caused by an attractive nuisance negligently placed there by defendant or his employees, were questions of fact to be decided by the jury from the evidence in the case.

2. Witnesses, § 43*—*when wife incompetent for husband though interested in suit*. A wife is not a competent witness for a husband, although she is interested in the event of the suit where the husband is interested.

3. Witnesses, § 131*—*when plaintiff competent in action for wrongful death*. The father of a child, plaintiff in an action to recover damages for the benefit of next of kin resulting from alleged wrongful death of deceased, is a competent witness in his own behalf.

4. Witnesses, § 41*—*when husband competent in behalf of wife*. The father of a child, who, as administrator, is suing for damages for alleged wrongful death of the child, is a competent witness on behalf of his wife, who will, if judgment is recovered, have an interest which is her separate property.

5. Evidence, § 231*—*when plat admissible though not accepted*. A city plat of premises where an accident occurred, showing streets and alleys, is admissible in an action by an administrator for damages for wrongful death of his child, although the plat has not been accepted by the city, where the evidence is that the streets shown in the plat are used by the public and improved.

6. Instructions, § 87*—*when erroneous on preponderance of evidence*. An instruction which amounts to an argument as to what constitutes the preponderance of evidence, as between a single witness on one side and four or five witnesses on the other, is faulty as being abstract and very misleading.

7. Evidence, § 475*—*what constitutes a preponderance of evidence*. If a jury believe that a fact is established by the greater weight of evidence, it is proved by the preponderance of evidence.

8. Master and servant, § 870*—*when instruction erroneous in action for injury to third person*. In an action by a father as administrator against the owner of certain premises adjoining those occupied by the parent, for damages for wrongful death of a four-year-old child, resulting from the falling of a heavy truck located on defendant's premises and alleged to have been negligently placed there by defendant or his servants, an instruction that the master

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of a servant was chargeable with the injurious consequences of the servant's acts done in the master's service and within the scope of his employment, and that, if the jury believed from the evidence that the dangerous condition alleged in the declaration was caused by the acts of a servant of the defendant while in his service and in the scope of his employment, the defendant was bound by such acts, *held* to be imperfect and misleading when considered in connection with different counts in the declaration.

9. NEGLIGENCE, § 107*—*when recovery for death of child barred by contributory negligence of parent.* Where a father sues, as administrator of his four-year-old child for the benefit of next of kin, including the mother, to recover damages for wrongful death alleged to have been caused by the negligent acts of the owner of adjoining premises or his servants in placing on its side a large truck used in handling logs on the premises which were frequented by and were attractive to children, the defendant, although guilty of some negligence, is not liable if the mother of the deceased was guilty of contributory negligence in permitting the child to go about the premises in charge of his older brother.

10. NEGLIGENCE, § 19*—*when no recovery for death from attractive nuisance.* A person who is somewhat negligent in placing and leaving a truck used to move logs upon premises, thus rendered attractive to and frequented by children, is not liable in an action by the father as administrator to recover damages for the wrongful death of a four-year-old child who went about the premises in charge of an older brother, the injury being caused by the overturning of the truck, if the older brother was himself guilty of negligence that contributed to the injuries of the child.

11. NEGLIGENCE, § 19*—*when instructions on attractive nuisance properly refused.* Instructions on attractive nuisances are properly refused because requiring proof to show that premises where a four-year-old child was killed by the falling of a truck used in handling logs, were vacant, where the averments in one count are contradictory because alleging that the premises were vacant, and also alleging that the premises were attractive to children, and that the children were attracted to the premises by said logs and truck and by the dangerous condition of said truck, and further alleging that logs were stored thereon, and under other counts of the declaration the lots were alleged to be attractive and that the child was killed by the dangerous condition of the truck.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.