Auguste Wende, Administratrix, Appellee, v. Chicago
City Railway Company, Appellant.

Gen. No. 20,307.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. KICK-
HAM SCANLAN, Judge, presiding. Heard in this court at the March
term, 1914. Affirmed. Opinion filed March 29, 1915.

### Statement of the Case.

Action by Auguste Wende, administratrix of the
estate of Ella Wende, deceased, against Chicago City
Railway Company, a corporation, defendant.

The action was brought under the "Campbell Act"
of the State of Illinois by the administratrix of Ella
Wende for the benefit of her next of kin. The original
declaration in four counts was filed August 10, 1911.
A demurrer to this declaration and each count there-
of having been sustained, an amended declaration in
four counts was filed November 10, 1911. In each of
the counts of this amended declaration it was charged
that the defendant, the Chicago City Railway Com-
pany, on May 14, 1911, by its negligence caused the
death of Ella Wende, a girl of the age of nine years,
while she was attempting to cross the tracks of the
defendant at or near the intersection of Sixty-Ninth
and Justine streets in the city of Chicago.

The first count charged that the defendant "by its
servants so carelessly, negligently and improperly
drove, managed and propelled a certain trolley car
that it ran down and killed Ella Wende.

The second count specified the alleged negligence in
managing the car to be "that the servants in charge
of said car in approaching the said crossing known as
Justine street failed to ring the gong or give any warn-
ing of the approach of said car at or near the said
crossing"; that the motorman of said car "failed to

give warning of the approach of said car to those who were then and there about to cross said tracks at or near Justine street.''

The third count alleged ''that the said defendant by its servants were then and there driving in an easterly direction a certain trolley car along the said West 69th street   *   *   *   and while the said deceased, Ella Wende   *   *   *   with the due care and diligence of a child of nine years of age was   *   *   *   attempting to cross the tracks of the said defendant, said Ella Wende fell directly in front of the fender in front of the said car,'' and ''that at the time aforesaid there was a valid existing ordinance of the said City of Chicago which made it the duty of the defendant to provide a useful and efficient and serviceable fender, and that at the said time and place there were valid existing city ordinances, which ordinances are in the words as follows:

''Sec. 1963.  FENDERS.  Every person or corporation controlling, operating or owning any street railway in the City shall equip and provide each and every car used on such street railway with fenders of steel and of the basket kind, which said fenders shall be substantially attached to the front end of such car so as to guard passengers or pedestrians from being injured or thrown under the wheels of the car in case of a collision or other accident, provided, however, that where such cars are operated in trains or where such car is attached to a grip car or other car such fender need only be provided upon the grip car or front car of such train.''

Also:

''An Ordinance Authorizing the Chicago City Railway Co. to construct, maintain and operate a system of Street Railways in Streets and Public Ways of the City of Chicago.  (Passed by the City Council of The City of Chicago Feb. 11, 1907.)

Sec. 10.  All cars shall be equipped with efficient and serviceable fender devices, headlights and sandboxes;''

and that "it became and was the duty of the defendant to observe and conform to the said City ordinances and to have upon its said car a proper, useful and serviceable and efficient fender;" that "if the said defendant had complied with the ordinances aforesaid and had had such a fender upon the car, Ella Wende would not have been killed or seriously injured; that on the contrary such a fender would have protected and saved the deceased;" but that the defendant "failed to comply with the terms of the said city ordinances and had then and there upon the said car an old, defective, useless and non-efficient fender," and "the said fender when the deceased struck it failed to work properly, whereby the body of plaintiff's intestate was permitted to get under the trucks and other parts of the car and thereby the plaintiff's intestate was killed."

The fourth count, which alleged defects in the roadbed of the defendant, was, during the trial, withdrawn by an order of discontinuance as to the same, made at the instance of the plaintiff.

On April 2, 1913, leave was given to the plaintiff "to amend the third amended count in the declaration filed in said cause" and a paper was filed entitled in the cause and headed: "Amendment to 3rd Amended Count." It proceeded:

"On page 8, last paragraph extending on page 9 of Amended Declaration strike out the following:

Sec. 1963. FENDERS." (Then follows the Section as we have before given it)

"and insert in its place the following:

Section 2165. FENDERS: Every person or corporation controlling, operating or owning any street railway in the city shall equip and provide each and every car used on such street railway with fenders, which shall be of a type and design satisfactory to the Commissioner of Public Works and which shall be securely attached to the front end of such car so as to guard passengers or pedestrians from being injured

or thrown under the wheels of such car in case of a collision or other accident.''

Defendant filed a plea of the statute of limitations to ''the third count of the amended declaration as amended,'' to which plea plaintiff filed a demurrer.

An order overruling plaintiff's demurrer to defendant's plea of the statute of limitations was entered September 15, 1913, before the beginning of the trial, as follows:

''On motion for defendant it is ordered that the demurrer of the plaintiff to the Plea of the Statute of Limitations filed by the defendant April 4 is overruled. Plaintiff objects and excepts to ruling of Court and elects to stand by demurrer. *On motion of attorney for defendant suit dismissed as to the amendment to the third amended count filed by plaintiff on April 2, 1913,* and issues being joined herein it is ordered that a jury come, etc.''

During the trial objections to evidence concerning fenders were made by the defendant's counsel on the ground that the third count of the amended declaration was no longer in the case, but they were overruled by the trial judge. On the hearing of the motion for a new trial, counsel for the defendant insisted on the point, but the Court replied to him that the ''plaintiff tried to amend the third count but did not amend it. The plea of the statute was sustained as to that amendment.    *    *    *    The plaintiff did not attempt to draw an amended third count. He simply attempted to file an amendment to the third amended count. You already had a plea of the general issue to the third amended count.''    After an extended discussion the Court said:

''There is no question that the Court held the third amended count of that date was still in the case. The case was tried on that theory.    *    *    *    It was assumed all through the case that the third amended count was in the case.''

After full consideration of the matter by the trial judge he entered the following order October 18, 1913:

"On motion of the attorney for plaintiff the order made and entered September 15, 1913, by the Court is hereby amended and corrected so as to read as follows:

On motion of defendant it is ordered that the demurrer of the plaintiff filed May 12, 1913, to the plea of the statute of limitation filed April 4, 1913, is overruled, to which ruling the plaintiff excepts and elects to stand by his demurrer.

Defendant asks for judgment on the plea of the Statute of Limitation filed April 4, 1913, and that the suit be dismissed as to the third amended count filed November 10, 1911, as amended April 2, 1913, and the Court denies the motion of the defendant to dismiss the suit as to third amended count filed November 10, 1911, as amended April 2, 1913, to which ruling defendant excepts and the Court dismissed the suit as to the amendment to the third amended count filed April 2, 1913; and the Court further orders that the third amended count filed November 10, 1911, and the plea of the general issue of defendant thereto and the replication of the plaintiff thereto stand, to which the defendant excepts and thereupon the defendant moves the Court to vacate the foregoing order, which motion is by the Court continued."

November 28, 1913, the motion last referred to was denied in a "judgment order" entered on that day, which reads in the transcript of record before us as follows:

"Auguste Wende, Administratrix
of the Estate of Ella Wende, deceased,
                vs.                    Case No. 306672.
Chicago City Railway.

On motion of attorney for plaintiff motion of deft. to vacate order of Oct. 18, 1913, denied. Exception by deft. Motion of plff. to file additional count to conform to proof denied. Exception by plff.

Motion for a new trial denied. Exception by defendant. Motion in arrest of judgment by deft. denied. Exception by deft. Judgment on verdict $3000. Three Thousand Dollars and costs of suit. Exception by deft.

Appeal prayed by defendant and allowed to Appellate Court, first district, bond $3500.00 thirty days and bill of exceptions in thirty days. $3000.''

The plaintiff did not offer the ordinance set forth in the count under the heading ''Sec. 1963,'' but did offer that portion of section 10 of the Franchise Ordinance, so-called, which was also set forth in that count; and although the counsel for the defendant objected to its introduction on the ground that ''count three'' was ''out of the pleadings,'' yet when the trial judge promptly signified, not only that he considered the third count of the declaration of November 10, 1911, in the cause, but as presenting a very important issue therein, the counsel for the defendant as promptly met that position with contentions centering on fenders and the rights and duties of the Company under the ordinances in relation thereto.

The counsel for defendant during the trial offered in evidence parts of the ''franchise ordinance,'' or asked counsel to stipulate that parts of the same ordinance should go in the record for the benefit of the defendant, and cross-examined the witnesses of plaintiff on the fender question,'' and argued the matter to the jury.

The evidence showed that the body of the child was found under the fender of the car. The evidence concerning the fender was that it was of the approved and required style. Plaintiff contended that if it did not work properly it was the fault of that particular fender which rendered it ''unserviceable and inefficient;'' that the car was just coming from the barn and should have been properly equipped.

Defendant contended that the fender was in order, and it introduced evidence to the effect that this automatically working fender had actually worked as it was intended to when it had struck the body of the child; that the ''apron,'' that part which strikes the object on the tracks, had been thrown back and had

caused the basket part of the fender, designed to pick the object from the tracks before the wheels could pass over it, to be thrown down and to lie upon the rails. It contended also that the probable reason that the girl's body went under it was that her hand or foot had fallen into a depression between the tracks.

The evidence was conflicting concerning the fender and its situation immediately after the accident. Witnesses for the plaintiff testified that the fender was "up," not "down," after the accident, which amounted in effect to saying that it "had failed to work," which indeed was the definite statement of one witness, which statement, however, was stricken out by the court as a conclusion and incompetent. The same witness testified that he saw an employee of the defendant put the fender down after the accident.

To reverse a judgment for plaintiff for three thousand dollars, defendant prosecutes this appeal.

BUSBY, WEBER, MILLER & ROBINSON, JOHN E. KEHOE and ARTHUR J. DONOVAN, for appellant; LEONARD A. BUSBY and J. R. GUILLIAMS, of counsel.

ALEXANDER H. HEYMAN, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

### Abstract of the Decision.

1. STREET RAILROADS, § 131*—when evidence insufficient to show negligence in operation. Where, in an action for the death of a child, alleged to have been caused by defendant's negligence in operating its car, in running it at an improper rate of speed and not ringing its gong, the weight of the evidence shows that the motorman was attending properly to his duties; that the car was not running at an improper rate of speed; that, even if the gong was not sounded, the circumstances were not such as to make the omission to ring it negligence; that when the child's danger

*See Illinois Notes Digest. Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Wende v. Chicago City Ry. Co., 192 Ill. App. 164.

was known to the motorman, the motorman tried to warn her and made every possible effort to stop the car, defendant cannot be held negligent.

2. APPEAL AND ERROR, § 1571*—*when irregularity in entry of judgment not ground for reversal*. Even though the form in which a judgment is entered is deficient and irregular, such deficiency and irregularity is not ground for reversal.

3. PLEADING, § 223*—*what effect of overruling of demurrer to count of amended declaration*. Where a plea of the statute of limitations filed to the count of a declaration as amended is demurred to and the demurrer is overruled and plaintiff elects to stand by the demurrer, there is, under the strict rules of pleading, no issue of fact left on that count or any part of it for the jury to try.

4. APPEAL AND ERROR, § 1590*—*when error in procedure not ground for reversal*. Where a demurrer is filed to a count of the original declaration and the plaintiff amends and issue is joined, after which plaintiff files an amendment to the amended count, whereupon defendant pleads the statute of limitations to the "count of the amended declaration as amended," to which plaintiff demurs and, upon the demurrer being overruled, elects to stand by it, and in the course of the trial both parties and the court treat the ruling of the court on the demurrer as applying only to the final amendment and not to the count as it originally stood in the amended declaration, such error and irregularity in procedure is not ground for reversal.

5. STREET RAILROADS, § 133*—*when insufficiency of fender question for jury*. In an action to recover for the death of a child run over by a street car, alleged to have been caused by defendant street car company's failure to provide a sufficient fender, where there is evidence from which the jury might, as reasonable men, have concluded that defendant had failed to have an efficient and serviceable fender at that time, and that this was negligence which resulted in the death, a verdict for plaintiff's intestate will not be disturbed.

6. NEGLIGENCE, § 191*—*when question for jury*. In an action to recover for death by wrongful act, negligence and contributory negligence are peculiarly questions for the jury.

7. NEGLIGENCE, § 106*—*when negligence cannot be imputed to parent*. In an action to recover for the death of a nine-year-old child run over by a street car in crossing the track on an errand for her mother, negligence cannot be imputed to the father who had no part in sending the child upon the errand.

8. NEGLIGENCE, § 202*—*when not imputed to parent as matter of law*. It cannot be *held* negligence, as a matter of law, for a mother

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to send a normal child nine years of age a few blocks through uncrowded streets on a necessary household errand.

9. NEGLIGENCE, § 230*—*what instruction proper as to degree of care required of infant.* In an action to recover for the death of a nine-year-old girl run over by a street car, an instruction that the due care and caution required of the child was "that which might reasonably be expected under the same or like circumstances of a girl of" a given "age, experience and capacity to comprehend and avoid the danger," is proper.

10. NEGLIGENCE, § 95*—*what degree of care required of child.* In an action to recover for the death of a nine-year-old girl run over by a street car in crossing the track, the risk taken by her in allowing herself insufficient time to escape and in crossing the track elsewhere than at a street intersection cannot be judged as in the case of an adult, but there must be taken into account her "age, experience, intelligence and capacity."

11. NEGLIGENCE, § 201*—*when negligence of child a question for jury.* In an action to recover for the death of a nine-year-old child run over by a street car, where the evidence is conflicting as to whether or not the accident was due to the negligence of deceased, the question is for the jury.