## Nellie Carlin, Administratrix, Appellee, v. Chicago Railways Company, Appellant.

### Gen. No. 22,860.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed April 16, 1917.

### Statement of the Case.

Action by Nellie Carlin, as administratrix of the estate of Philip Gurivitz, deceased, plaintiff, against the Chicago Railways Company, defendant, to recover for the death of said Philip Gurivitz due to his being struck by one of defendant's street cars. From a judgment for plaintiff for $2,500, defendant appeals.

FRANK L. KRIETE, for appellant; W. W. GURLEY, J. R. GUILLIAMS and WEYMOUTH KIRKLAND, of counsel.

A. H. RANES and M. A. ZELENSKY, for appellee.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. TRIAL, § 56*—*when essential that rulings on evidence be free from error.* Where a case is exceedingly close on the facts, it is necessary that the rulings on evidence should be virtually free from error.

2. INSTRUCTIONS, § 7*—*when correctness of essential.* It is necessary that instructions be free from error where a case is exceedingly close on the facts.

3. STREET RAILROADS, § 116*—*when evidence inadmissible as constituting expression of opinion.* In an action to recover for the death of a boy through his being struck by a street car of the defendant, where, against objection, a witness was permitted to tes-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tify that the motorman, immediately after the accident, stated that "he was too nervous to stop the car so quick," *held* that such statement was merely an expression of opinion by the motorman as to a past event, and not part of the *res gestæ*, and its introduction constituted prejudicial error.

4. STREET RAILROADS, § 145*—*when instruction in action for death of child is erroneous.* In an action to recover for the death of a boy six years old through his being struck by a street car of the defendant, the giving of an instruction which was, in effect, a peremptory instruction to find for the plaintiff, and which excluded the element of the use of care on the part of the parents or next of kin of the deceased, *held* error.

5. STREET RAILROADS, § 140*—*when instruction in action for death of child is erroneous as not conforming to evidence.* In an action to recover for the death of a boy six years old through his being struck by a street car of the defendant, the giving of an instruction containing a supposition that "the mother was attending to her usual occupation in their home," *held* error, in the absence of evidence on that point.

6. STREET RAILROADS, § 145*—*when instruction in action for death of child as to negligence of parents is erroneous.* In an action to recover for the death of a boy six years old through his being struck by a street car of the defendant, the giving of an instruction containing a supposition that "the mother was attending to her usual occupation in their home," *held* open to the objection that it stated, as a matter of law, that if the father was not present at the time of the accident and the mother was attending to her usual occupation in her home, the parents were not negligent.

7. INSTRUCTIONS, § 63*—*when erroneous because of assumption of facts.* An instruction which assumes a fact as to which there is no evidence is erroneous.

8. INSTRUCTIONS, § 98*—*when instruction on interest of witnesses in result is erroneous.* In an action to recover for the death of a boy caused by his being struck by a street car, where the motorman was a very important witness and no witness having any interest in the result of the suit gave testimony, and instructions were given on behalf of plaintiff, which referred to the interest or lack of interest in the result of the case of witnesses testifying, *held* that such instructions were clearly directed at the employees of the defendant. who did testify, with the suggestion that they had an interest in the result of the suit, whereas as a matter of law they did not have such interest, and that the giving of such instructions was prejudicial error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

9. APPEAL AND ERROR; § 1560*—*when refusal of instruction is not reversible error.* It is not reversible error to refuse an instruction which, although it might have been given as a matter of precaution, was unnecessary under the evidence and pleading.

10. STREET RAILROADS, § 91*—*necessity of parents giving attention to children playing in street.* It is not the law that, where families reside upon a street where there are street car tracks, no attention whatever need be given to children playing in the street.