## William J. Hall, Appellee, v. Chicago & Alton Railroad Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Tazewell county; the Hon. JOHN M. NIEHAUS, Judge, presiding. Heard in this court at the April term, 1917. Affirmed. Opinion filed October 11, 1917.

### Statement of the Case.

Action by William J. Hall, plaintiff, against the Chicago & Alton Railroad Company, defendant, to recover damages for personal injuries. From a judgment for plaintiff for $2,300, on remittitur, defendant appeals.

For the decision on a former appeal and for a statement of the facts, see 188 Ill. App. 95.

CURRAN & DEMPSEY, for appellant; WINSTON, PAYNE, STRAWN & SHAW, of counsel.

J. M. POWERS and WILLIAM A. POTTS, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

### Abstract of the Decision.

1. NEGLIGENCE, § 228*—*when instruction referring to the exercise of care by plaintiff at the time of occurrence of injury is not erroneous.* Where an instruction in a personal injury case used the language, "Whether or not the plaintiff exercised ordinary care for

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

his own safety at the time of the occurrence of the injury complained of," *held* that it was a strained construction to say that this only required due care at the instant plaintiff was struck, and that an ordinary person would understand it as covering the time and acts leading up to the injury, which were all a part of the occurrence, and that, when all the instructions were read together, the jury could not fail to understand that "at the time of the occurrence" included the acts leading up to the accident.

2. INSTRUCTIONS, § 137*—*when properly refused.* Instructions calling attention to certain portions of the evidence and telling the jury if they believe such parts of the evidence they should find for the defendant, and undertaking to tell that the things stated were contributory negligence without regard to the other evidence in the case, *held* properly refused.

3. APPEAL AND ERROR, § 1506*—*when sustaining of objection to cross-examination is not prejudicial error.* A question on cross-examination of plaintiff, in an action to recover damages for personal injuries, whether he understood that it was his duty to stand in the clear when a train went by, objected to as not proper cross-examination, *held* to state a fact so obvious that sustaining of objection could not prejudice defendant.

4. APPEAL AND ERROR, § 1733*—*when holding on former appeal is controlling.* Where the evidence on a pending appeal was not different from that on a former appeal, *held* that the holding on the former appeal that the questions whether the injured person, in an action to recover damages for personal injuries, was in the exercise of due care and whether defendant was guilty of the negligence alleged were properly submitted to the jury and that their findings would not be interfered with where the verdict was not manifestly against the weight of the evidence, was *res judicata* on those questions.

5. TRIAL, § 105*—*when motion to strike entire answer to question is properly denied.* Where an answer to a question is in part proper and in part improper as not responsive, a motion to strike the entire answer is properly denied, as the motion should be confined to the objectionable matter.

6. DAMAGES, § 244*—*when admission of evidence is not prejudicial error.* Where defendant, in an action to recover damages for personal injuries, sought to show in mitigation of damages that plaintiff lost certain time prior to the accident producing the injury, and gave as a reason that he was not feeling well, and that he was a married man with a family, *held*, that under such proof by defendant, it was not prejudicial error for plaintiff to show in rebuttal the real reason why he was absent from work.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

7. APPEAL AND ERROR, § 1413*—*when verdict is not against manifest weight of evidence.* A verdict in a personal injury action for less than two prior juries rendered, *held* not so manifestly against the evidence that it could not be sustained.