HANS NELSON, Appellant, v. MARTIN J. HEDIN, Appellee.

EVIDENCE: Rate of Speed. An opinion as to the rate of speed 1    may not be based solely on the marks made by the skidding of a vehicle in the highway.

APPEAL AND ERROR: Assertions of Facts Not Contained in Ab- 2    stract. Assertions of fact not embraced in the abstract are futile.

NEGLIGENCE: "Last Clear Chance." The "last clear chance" 3    doctrine rests essentially on the fact that the injured party has been guilty of contributory negligence, and that the one inflicting the injury had due knowledge of such negligence.

*Appeal from Cedar Rapids Superior Court.*—C. L. TAY-LOR, Judge.

OCTOBER 18, 1918.

ACTION at law to recover damages for personal injury. Verdict and judgment for defendant, and plaintiff appeals. —*Affirmed.*

*B. L. Wick* and *L. M. Kratz,* for appellant.

*Deacon, Good, Sargent & Spangler,* for appellee.

WEAVER, J.—The accident in question occurred in the city of Cedar Rapids. The plaintiff, riding a motorcycle, was going south on Fourteenth Street, approaching Third Avenue, into which he intended to turn and proceed eastward. At the same time, defendant, driving an automobile, was approaching Fourteenth Street from the east on Third Avenue. A collision occurred at the intersection, and plaintiff suffered injury. He brings this action for damages, alleging that the collision was caused by defendant's negligence, and without fault on his part. The defendant denies the allegations of the petition. There was a trial to a jury, which returned a general verdict for the defendant; also, special findings that plaintiff, as he entered upon the street intersection, turned eastward upon the easterly side of the center of the intersection, and immediately in front of the defendant's automobile; also, that defendant was not, as claimed by plaintiff, operating his car at more than fifteen miles per hour, and that he did turn his car from the north to the south side of the avenue, in an attempt to avoid the collision. From the judgment entered for the defendant on the verdict and findings of the jury, the plaintiff brings this appeal.

I. The argument for appellant is almost wholly directed to the proposition, stated in different forms, that the evidence clearly show the defendant's negligence and

the absence of contributory negligence on plaintiff's part, and a recovery of damages should have been awarded. These are all questions of fact, and the truth in respect thereto was for the jury to find, from all the testimony. It is true there was ample evidence on which, if believed by the jury, a verdict for plaintiff could well have been found. On the other hand, there was evidence which, if found credible, was sufficient to sustain a finding that plaintiff himself was negligent, and thereby contributed to his own injury. How much of the testimony on either side was true, its weight and value, and on which side was the apparent preponderance, were all jury questions; and it was not in the province of the trial court to pass thereon, nor is it the subject of review by this court, further than to see if the record contains any evidence to support the verdict. This is an elementary proposition, too often repeated and too thoroughly understood to call for any citation of authorities.

II. Complaint is made that a witness who did not see the defendant's car in motion, but observed the marks· made in the street by the skidding of the wheels, was not allowed to testify, giving his judgment as to the 1. EVIDENCE: rate of speed at which the car must have rate of speed. been moving at the time. The ruling was correct. An answer to such question, if it should be thought to amount to anything more than mere guesswork, could, at best, be the merest conclusion. It would doubtless be proper to prove the marks, if any, their appearance, length, and other circumstances relating thereto, and the jury could draw all legitimate inferences therefrom, as well and as correctly as the witness.

In the course of cross-examination of the defendant as a witness, counsel appear to have tried to elicit an admission that defendant's hands were, to some extent,

crippled, interfering with his ability to
handle an automobile; and to this end, as
we infer, presented to him a paper marked
Exhibit 2, and asked, "Q. Did you have on
file in the district court of Linn County,
an action entitled—" at which point the question was in-
terrupted by an objection, which was sustained. This is
said to have been prejudicial error. There appears to
have been no offer by counsel to show the nature or con-
tents of the exhibit or its competency; and upon such
condition of the record, it must be presumed that the rul-
ing was correct. It is true, counsel in argument enlight-
ens this court as to the matter contained in the paper; but
statements in argument of facts not shown by the abstract
constitute no part of the record, and cannot be considered.
We may further add that, even if the objection be waived,
and it be admitted that the exhibit is just what counsel
say it is, it contains nothing material or relevant to this
case, and it was rightfully excluded.

*2. APPEAL AND ERROR: asser-tions of facts not contained in abstract.*

III. Counsel also contend that the facts present a
case for the application of the rule of the last clear chance
to avoid the collision, and that the jury should have been
instructed upon the law applicable there-
to. A reading of the record seems to leave
no room for an instruction of that nature.
The jury found specially that the defend-
ant was not driving at a high or reckless rate of speed;
and for the purposes of this appeal, we may assume that
plaintiff was not. Under such circumstances, neither was
bound to stop until, to his apprehension as a reasonable
man, he ought to see that to continue his course was to
incur peril of collision. The doctrine of the last clear
chance has no place in the case, unless plaintiff is first
chargeable with contributory negligence. If he was neg-
ligent at all, it was because (as found by the jury), while

*3. NEGLIGENCE: "last clear chance."*

upon the street intersection, he turned to the east too soon, bringing himself and his motorcycle immediately in front of defendant's car, leaving the latter no opportunity to avoid the impact, except by pulling to the south. Unfortunately, plaintiff, in the sudden emergency thus created, sought to remedy his mistake by also pulling to the south; but neither was able to so far control his vehicle as to prevent their meeting upon converging lines. A finding by the jury that defendant, after seeing the plaintiff's peril, occasioned by his premature turn to the east, was negligent in failing to stop his car, would have no support in the record.

No error to the prejudice of the plaintiff is shown, and the judgment of the court below is—*Affirmed.*

Preston, C. J., Gaynor and Stevens, JJ., concur.