LUETHE, Appellant, vs. SCHMIDT-GAERTNER COMPANY, Respondent.

*January 14—February 10, 1920.*

*Automobiles: Negligence: Opinion evidence as to speed based on skid marks of wheels: Contributory negligence: Crossing in front of a street car: Trial: Special verdict: Instructions: Correction of error by trial court: Appeal: Harmless error.*

1. In a personal injury action, where plaintiff was struck by a motor truck, evidence that there were skid marks of the truck wheels on the street for a distance equal to the street crossing and other evidence showing long skid marks furnished proper grounds for an expert to give his opinion as to the truck's speed when the brakes were applied.

2. Where plaintiff crossed in front of a street car which she was intending to board and was struck by defendant's automobile, proceeding in the same direction as the street car, the submission in the special verdict of a question whether the speed of the automobile was more than ten miles an hour was not error misleading the jury on the matter of the driver exercising ordinary care, where through confusion the court directed the jury that they need not answer the question of speed in the event of answering that the driver was negligent, which the court corrected on his attention being called thereto, informing the jury that, if they answered that the driver exercised ordinary care, no answer would be required to the question as to the speed of the automobile.

3. In view of sec. 1636—49, Stats., requiring that no automobile shall be operated recklessly or at a speed greater than reasonable and proper, which shall be so reduced at any street or crossroad as to avoid danger of accident, the evidence is

*held* to present a question for the jury as to the negligence of the defendant driver, and not to warrant holding the driver not guilty of want of ordinary care as a matter of law.

4. Where the jury found that the driver failed to exercise ordinary care and that such failure was the proximate cause of plaintiff's injuries, questions as to whether the truck was driven at an excessive speed, and whether such speed was the proximate cause of the injury, became immaterial and superfluous in establishing actionable negligence.

5. Where the evidence was conflicting as to plaintiff's course of travel after observing the car, whether the car had come to a full stop before she crossed in front of it, and whether the truck driver had opportunity to observe that the car was slowing down, and as to the speed of the truck, the question of contributory negligence was for the jury.

ESCHWEILER, J., dissents.

APPEAL from a judgment of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Reversed.*

The plaintiff brought this action in the civil court of Milwaukee county to recover damages for a personal injury. The case was tried to the court and a jury. The civil court awarded judgment in plaintiff's favor on the verdict of the jury. The circuit court, upon appeal, reversed the judgment of the civil court and awarded judgment dismissing plaintiff's complaint with costs.

The complaint alleges that on May 31, 1916, while driving a motor truck along Murray avenue in the city of Milwaukee, the defendant ran into and upon plaintiff on the sidewalk crossing of Murray avenue, near the southwest corner where it intersects Belleview place; that the collision was proximately caused by the negligent operation of defendant's motor truck, which was being operated at a high rate of speed and greater than was reasonably safe in view of the traffic under the circumstances; that defendant did not keep a proper lookout for pedestrians using the street at the point of collision; and that defendant violated the Milwaukee city ordinance regulating the manner of operating automobiles when they undertake to pass street cars discharging or taking on passengers.

The defendant answered denying that it was guilty of negligence as charged in the complaint, and alleged that the injuries plaintiff is alleged to have suffered were proximately caused by her own negligence.

The case was submitted to the jury upon a special verdict, who found: (1) that the plaintiff was injured by being struck by defendant's motor truck at the time alleged at the corner of Murray avenue and Belleview place in the city of Milwaukee; (2) that the driver of the truck failed to exercise ordinary care at the time plaintiff was struck; (3) that such failure to exercise ordinary care was the proximate cause of the plaintiff's injuries; (4) that defendant's truck was driven at a rate of speed in excess of ten miles per hour as it passed the street car at the time in question; (5) that such excessive speed was the proximate cause of plaintiff's injuries; (6) that plaintiff at the time of the accident was exercising ordinary care; (7) damages.

The testimony most favorable to the plaintiff is the testimony of herself, her husband, and the motorman driving the street car which plaintiff and her husband were attempting to board. This evidence tends to show that plaintiff walked partly over the east crosswalk of Murray avenue where it crosses Belleview place; that she then signaled to the motorman on the approaching street car, coming south on Park avenue, to stop for her at the south crossing of Murray avenue and Belleview place; that the street car was then about fifteen feet north of the north crossing of Belleview place; that the motorman observed her signal and slacked his car to stop and take her on at the southwest corner of Murray avenue and Belleview place; that plaintiff walked to the center of Belleview on the east crossing of Murray avenue, and then walked diagonally toward the south crossing of Belleview over Murray avenue to a point on the south-bound car track a little north of the south Belleview crossing; that the motorman observed her, slowed down the speed of his car and stopped so that she could

Luethe v. Schmidt-Gaertner Co. 170 Wis. 590.

pass in front of it without its colliding with her; that she passed in front of the car, and, as she emerged from in front of the street car, defendant's motor truck struck her and injured her. Defendant's truck was being driven past the street car before it struck plaintiff. It appears that plaintiff did not look as she crossed in front of the street car to see if any vehicle was coming from the north on the west of the street car, nor did the driver of the motor truck see the plaintiff before she had crossed the car track and emerged from the front of the street car. There is evidence sustaining these ultimate facts. Other evidence is in conflict therewith and tends to show that plaintiff crossed diagonally on Belleview from the northeast corner where it crossed Murray avenue to the southwest corner; that she ran in front of the street car north of the south crossing on Belleview before the street car had come to a stop. The evidence bearing on the speed at which the truck was being driven immediately before and at the time of collision is in sharp conflict, ranging from fifteen miles per hour to a very slow speed.

The civil court awarded judgment in plaintiff's favor on the verdict. Upon appeal to the circuit court that court reversed the judgment of the civil court and awarded judgment dismissing plaintiff's complaint upon the ground that defendant was not shown to have been guilty of actionable negligence and that plaintiff was guilty of contributory negligence as a matter of law. This is an appeal from the judgment of the circuit court.

For the appellant there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Arthur B. Doe,* of counsel, all of Milwaukee, and oral argument by *Mr. Doe.*

*Walter F. Mayer* of Milwaukee, for the respondent.

SIEBECKER, J. The circuit court concluded that the driver of the motor truck was not guilty of any want of ordinary care which proximately caused the plaintiff's in-

jury and that the evidence shows conclusively that the plaintiff was guilty of a want of ordinary care which proximately caused her injuries.   The circuit court also held that the trial court erred in receiving the opinion evidence as to the speed of the truck, based on the skid marks made by the wheels of the truck at the time of collision, and that the court erroneously interjected into the issues submitted to the jury a question as to whether or not the truck was traveling at a speed of ten miles per hour at the time it was driven past the street car.

Was it error to receive the opinion evidence of the witness Baumgartner as to the speed the truck was traveling at the time it passed the street car?   There was evidence to the effect that there were skid marks of the truck wheels on the street for a distance equal to the street crossing and other evidence showing long skid marks.   This furnished a proper ground for an expert to give his opinion as to the speed at which the truck was traveling when the brakes were applied.   It was not error to receive it.

The civil court propounded this inquiry to the jury: "Was the defendant's automobile driven at a greater speed than ten miles per hour while it was passing the street car at the time and place in question?"   It is urged by the defendant that the submission of this question was error and misled the jury in answer to the second question of the special verdict, through the confusion of the court in directing the jury that they need not answer this question in the event of answering the second question in the affirmative. True, the court did in the first instance so state, but upon having his attention called thereto he corrected this statement and informed the jury that if the second question was answered in the negative no answer to the fourth question was required.   We find no prejudicial error in the record on this ground.   The general instruction given which bears on the inquiry propounded by question 2 was a correct statement of the law on the subject and properly informed the

jury as to their duties in considering their answer upon this issue in the case. The duty of defendant in operating its automobile truck on the street is defined by the Statutes (sec. 1636—49):

"No person shall operate . . . any automobile . . . recklessly or at a rate of speed greater than is reasonable and proper, having regard to the width, traffic and use of the highways and the general and usual rules of the road, or so as to endanger the . . . life or limb of any person, . . . provided . . . that . . . at the intersection of any street or cross-road, . . . the speed shall be reduced to such a rate as will tend to avoid danger of accident."

It is manifest, under the facts and circumstances adduced in evidence, that question 2 covers the inquiry as to whether or not the defendant negligently omitted to perform this duty towards plaintiff. We are persuaded that the evidence on this issue of the case presents a question for determination by a jury and that the circuit court erred in setting aside the answer to question 2 and in holding as a matter of law that defendant's driver was not guilty of a want of ordinary care. In the light of this finding and the third finding of the jury that such failure of the driver to exercise ordinary care was the proximate cause of plaintiff's injuries, questions 4 and 5 of the special verdict are immaterial and superfluous to establish defendant's liability for actionable negligence. Further consideration of questions 4 and 5 of the verdict is not required. The verdict is complete and establishes actionable negligence aside from the inquiries in these two questions.

The inquiry remains, Does the evidence sustain the finding of the jury that the plaintiff was not guilty of a want of ordinary care proximately contributing to the injuries? An examination of the evidence has convinced us that the trial court correctly held that the evidence sustains the jury on this issue. The evidence is conflicting on the points as to the course the plaintiff traveled after she observed the street

car coming from the north and which she undertook to board at the southwest corner of Murray avenue and Belleview crossing; how far to the north, if any, of the usual stopping place of the street it stopped on this occasion; whether or not it had come to a full stop before plaintiff crossed in front of it; whether or not the driver of the truck had an opportunity to observe that the car was slowing down to stop or had in fact stopped before he passed it; at what rate of speed he was driving immediately before and at the time of collision with plaintiff, and other points of fact involved in the inquiry as to plaintiff's failure to exercise ordinary care to avoid collision with defendant's motor truck on the occasion in question.

We are of the opinion that it cannot be held as a matter of law that plaintiff was guilty of negligence in her use of the street as a pedestrian at the place she testifies she crossed it in order to reach the point to board the street car. The facts and circumstances disclosing her conduct and acts in accomplishing her purpose are of such a nature as to permit of different inferences as to whether or not she was guilty of any want of ordinary care that contributed to this accident. The evidence on this question presents, in our opinion, a jury issue, and the trial court properly submitted this issue to the jury for determination. It follows that the circuit court erred in reversing the judgment of the civil court.

*By the Court.*—The judgment appealed from is reversed, and the cause is remanded to the circuit court with direction to affirm the judgment of the civil court.

ESCHWEILER, J. (*dissenting*). The passing by the plaintiff in front of the moving street car and then into the zone of passing vehicles without looking for any vehicle that might be and in this instance was lawfully alongside the moving car, in my judgment was properly declared to be contributory negligence as a matter of law by the circuit court.