GUISEPPE DI BIASE *vs.* RAY GARNSEY.

Third Judicial District, New Haven, January Term, 1927.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and SIMPSON, Js.

A mistaken ruling on evidence, if harmless, is not reversible error.
A hypothetical question must be so framed that it shall appear therein, or from the answer, upon just what facts the opinion of the witness is based. To ask an expert automobile mechanic to express an opinion, on the basis of his experience, as to the number of hours reasonably required to overhaul completely and install new parts in a motortruck, merely giving him the

make and model of the car with no information concerning its condition or the parts to be replaced, is entirely inadequate.

The discretion of the trial court to permit an expert witness to express an opinion upon the basis of the testimony merely as he heard it given in the court room, is limited and must be sparingly employed. Rarely, if ever, could the exclusion of such a question constitute error.

Argued January 20th—decided April 11th, 1927.

ACTION of replevin to recover possession of a motor-truck, brought to the District Court of Waterbury and tried to the jury before *Hamlin, Acting-Judge;* verdict and judgment for the defendant upon the complaint and to recover $518 upon his counterclaim, from which the plaintiff appealed. *No error.*

*Charles W. Bauby,* for the appellant (plaintiff).

*Michael V. Blansfield,* with whom, on the brief, was *Herman B. Engleman,* for the appellee (defendant).

SIMPSON, J. This action was originally commenced as an action of replevin in which the defendant filed a counterclaim and has twice before been before this court; 103 Conn. 21, 130 Atl. 81; 104 Conn. 447, 113 Atl. 669; in each of which instances a new trial upon the counterclaim was ordered. On the trial to which this appeal relates, the parties were at issue only upon defendant's counterclaim in which he sought to recover the reasonable value of labor performed, material and new parts furnished, in repairing plaintiff's motortruck.

The reasons of appeal relating to failure of the court to charge the jury are not pursued in appellant's brief, and are without merit, as the charge sufficiently instructed the jury in the respects mentioned.

Nine reasons of appeal relate to claimed errors in rulings on evidence. The first excepts to the refusal of the court to strike out an unresponsive answer to a

question asked the defendant upon cross-examination. While the answer was not responsive and might well have been stricken out, no harm was done plaintiff by letting it stand.

Others concern the action of the court in excluding hypothetical questions asked by plaintiff of an expert witness on the cost of repairing automobiles. The plaintiff sought by these questions to show by the expert, who was called in his behalf, that the charge made by the defendant for repairing plaintiff's truck and particularly the number of hours of labor charged therefor, was unreasonable. So far as appears this witness had never seen the truck, and had nothing to do with its repair. While the questions differed somewhat, the objection to each was, substantially, that it did not sufficiently set forth the facts upon which the expert was asked to give an opinion. While the plaintiff might base a hypothetical question upon the essential facts he might fairly claim to have been proven, or might, for the purpose of ascertaining the number of hours reasonably required to complete the work, inquire as to how long it should take to complete certain portions thereof and thus arrive at the number of hours reasonably required to perform the whole, it must appear in the question upon just what facts the witness is asked to base his opinion or, from the answer, upon what facts the opinion is based. *Stoddard* v. *Sagal*, 86 Conn. 346, 349, 85 Atl. 519; *Worden* v. *Gore-Meenan Co.*, 83 Conn. 642, 651, 78 Atl. 422; *Barker* v. *Lewis Storage & Transfer Co.*, 79 Conn. 342, 347, 65 Atl. 143. The reason for this rule is that the trier may know what facts the expert has in mind when he expresses his opinion and thus be enabled to weigh the opinion with reference to the facts which it finds to have been proven. The hypothetical questions asked by the

plaintiff contained assumptions so indefinite or incomplete as to render it impossible for the jury to determine what facts the expert had in mind in expressing his opinion. Thus it is not permissible merely to ask "from your experience as an automobile mechanic, what would you say would be the reasonable number of hours required to completely overhaul and install new parts in a one-ton Republic truck, year 1917, such as the one that was delivered by this plaintiff to the defendant, Garnsey," because the question does not embrace the facts as to the condition of the truck at the time and what parts were replaced; and the defect is not cured by incorporating in the question, "installing all parts necessary and all worn parts replaced." All of these questions exhibited, in varying degree, defects of a similar character, and the court committed no error in excluding them.

Two of the questions excluded called for an opinion based wholly or in part upon "facts as testified to" by two witnesses for the defendant. In exceptional instances the trial court may be justified in an exercise of its discretion in permitting an opinion to be expressed, in response to such a question, by an expert witness who has been present in court and heard the testimony upon which an opinion is requested. *Slade* v. *Harris,* 105 Conn. 436, 135 Atl. 570; *Roraback* v. *Pennsylvania Co.,* 58 Conn. 292, 20 Atl. 465. But "such discretion is limited and must be sparingly employed." *Barber's Appeal,* 63 Conn. 393, 408, 27 Atl. 973. Rarely, if ever, could error be predicated upon the exclusion of a question so framed and these, manifestly, do not furnish such an occasion.

There is no error.

In this opinion the other judges concurred.