MELVINE F. ESTABROOK *vs*. LOUIS BUTLER MAIN.

First Judicial District, Hartford, October Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued October 4th—decided November 25th, 1929.

*Warren Maxwell,* for the appellant (defendant).

*John C. Blackall,* for the appellee (plaintiff).

HAINES, J. The plaintiff and defendant were involved in an automobile collision at the intersection of

Broad and Howard streets in the city of Hartford, on January 17th, 1929. Broad Street runs north and south and at the intersection is forty-six feet wide between the curbs, and is intersected on the west by Howard Street which runs east and west and is thirty feet wide between the curbs at that point. Broad Street is of oiled macadam and there is a descending grade for about one hundred and eight feet coming south to the intersection of Howard Street. On the date named there was ice and snow on both streets; a fine rain was falling and freezing as it fell with unusual quickness, and the roads were slippery. Just before one in the afternoon, the plaintiff, who was alone in his car, was driving north on Broad Street approaching the intersection intending to turn left into Howard Street. At the same time the defendant with two companions on the seat with him and two more in a rumble seat, was driving south on Broad Street intending to cross the intersection of Howard Street and continue south on Broad Street. The defendant's car was equipped with chains on both rear wheels. The speed of the respective cars as they approached the intersection, was in dispute at the trial, and the court found that the car of the plaintiff when twelve or fifteen feet south of the south line of Howard Street extended, was proceeding at a moderate rate of speed, while at the same time the defendant was one hundred and twenty-five to one hundred and thirty feet north of the north line of Howard Street extended, and that at this moment the plaintiff saw the defendant's car approaching from the north. The defendant seeks to change the finding of the court that at this time the speed of the defendant's car was thirty miles per hour. From the evidence cited in support of his claim, the exact speed remains uncertain because of differing estimates by witnesses. The trial court found

that the defendant's car when about two hundred and thirty feet from the intersection overtook and passed another car which was going twenty miles per hour, and that for the space of about one hundred and eight feet before reaching the intersection, it was down grade. While this might create a probability, we find no warrant for the specific finding that the speed of the defendant's car was thirty miles per hour as it approached the intersection, but we cannot change the finding that it was "an unreasonable and dangerous speed under the conditions." The finding of "thirty miles" is stricken from the finding. At the time the plaintiff was twelve to fifteen feet south of the south line of the intersection and perceived the defendant's car coming from the north one hundred and twenty-five feet to one hundred and thirty feet from the north line of the intersection, there was no other traffic going north on Broad Street, nor was there any on Howard Street. Not realizing the high speed of the defendant's car and believing he had sufficient time and opportunity to make the turn into Howard Street, upon arriving nearly opposite the south curb line of Howard Street, he slowly turned his car to the left at a speed of five miles per hour. The trial court found that while so doing, he gave "seasonable" hand signal of his intention to turn to the left. The defendant seeks to eliminate the word "seasonable" as without evidence to support it. We cannot say from the evidence submitted in support of this claim, that the conclusion of the court was not a fair inference from all the other circumstances of the case, it being found that defendant saw plaintiff making the turn. In our view of the use of the word, seasonable, under the circumstances, has little bearing on the decisive issues of this case. In making the left turn the plaintiff did not pass to the right of the intersection as required by law, but

the turn was made to the left of it. After he had entered the intersection, the plaintiff suddenly perceived that the defendant's car was very close and bearing down upon him at an alarming speed, and startled by the suddenness of the emergency, he swung his car to the right in an attempt to avoid a collision. The defendant observed the plaintiff when the latter turned left into the intersection, and as he approached the plaintiff, turned his own car to the left intending to pass to the rear of the plaintiff's car. The trial court finds that in so doing, the defendant did not slacken his speed, and the defendant excepts to this finding claiming that there should be substituted the statement that the speed was reduced to twenty miles per hour before the impact. The evidence before us does not disclose definitely whether the speed was reduced before the defendant turned his car. The impact took place while the defendant's car was in a skid and the only evidence of its speed at that moment is an obvious guess made by the plaintiff. In any event the speed at the moment of impact is of little real significance. Seeing a collision imminent, the defendant applied his four-wheel brakes and locked the wheels of his car, but despite this and despite the chains on the rear wheels, his car skidded and struck the plaintiff's car, carrying both cars in a southerly direction fifteen or twenty feet before coming to a stop. This is the best evidence which the record discloses as to the speed of the defendant's car, and strongly supports the finding of the trial court that the defendant was driving at an unreasonable and dangerous speed under the conditions. The court finds that at the time of the impact the defendant's car had room to pass either to the front or rear of the plaintiff's car, and if he had not turned to the left when plaintiff turned to the right, he could have passed in front of the plaintiff. It is

also found that if the plaintiff had continued on into Howard Street instead of turning to the right, as he did, the defendant's car could have passed to the rear of the plaintiff.

The court further found that the act of the plaintiff in turning to the left instead of the right of the center of the intersection did not mislead the defendant in any way as the latter saw the turn when made and should have acted accordingly, and concludes that while the plaintiff was thus negligent, it was not a negligence which could, under the circumstances, be considered a proximate cause of the collision; that it was not an act under the conditions then and there existing which would naturally or could be reasonably expected to cause a collision, nor an act which set in motion the other causes. This conclusion clearly means that the negligent act of turning to the left of the center of the intersection was not a substantial factor in causing the plaintiff's injury. *Mahoney* v. *Beatman, ante,* 184, 147 Atl. 762. We cannot say as matter of law that this conclusion is so unreasonable that it cannot stand. The court also finds specifically that the plaintiff's car had entered the intersection an appreciable time and distance before the defendant's car reached the intersection. No motion was made to correct this finding and no exception was taken to it. A vigorous but indirect attack is made upon this finding in the brief of the defendant who seeks to show by mathematical calculations based upon speeds and distances, which however are of doubtful exactness, that the plaintiff did not enter the intersection first, and even to show that the defendant had the right of way at the intersection. This cannot avail, and the finding must stand as made. However persuasive the argument, a finding of a specific fact cannot be set aside save in the manner provided by our rules. Notwithstanding the failure of

the plaintiff to turn to the right of the center of the intersection, he was seen by the defendant to have entered the intersection an appreciable time and distance before the defendant approached it. It is found that if the plaintiff, instead of turning to the right in the sudden emergency which arose shortly after, had continued on into Howard Street, there was room for the defendant's car to pass to the rear of the plaintiff's. This fact, taken in connection with the low speed of the plaintiff's car and the relatively high speed of the defendant's, makes it reasonably certain that the plaintiff was in the intersection when the defendant was an appreciable distance away as the court has found. The established facts show that if the cars had continued to run at their respective speeds and in a straight line, there would have been no collision. Having entered the intersection, the plaintiff had the right of way for the reason that he could as a man of ordinary prudence have reasonably believed that if both cars continued on their courses at their respective speeds, it would not involve a risk of collision for him to proceed across. Under these circumstances it cannot be said the cars were approaching the intersection at approximately the same time so as to give the defendant who was approaching from the right the right of way. *Neumann* v. *Apter,* 95 Conn. 695, 701, 112 Atl. 350; *Hall* v. *Root,* 109 Conn. 33, 36, 37, 145 Atl. 36. It was the duty of the defendant under the circumstances to have his car under such control that he could allow the plaintiff to cross. This he manifestly did not do, but approached at such speed that with locked wheels and tire chains he could not stop or control his car but skidded a considerable distance, carrying the plaintiff's car with him.

The final conclusion of the court that the negligence of the defendant in driving at an unreasonable and

dangerous speed and in failing to keep his car under control and grant the right of way to the plaintiff, was the sole proximate cause of the injury, was a reasonable and we think a just conclusion upon the facts of record.

There is no error.

In this opinion the other judges concurred.