### Dorothy MacLaren vs. William F. Bishop.

Third Judicial District, Bridgeport, April Term, 1931.
MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 23d—decided June 9th, 1931.

*Philip Reich,* with whom, on the brief, was *Samuel Reich,* for the appellant (plaintiff).

*William F. Tammany,* for the appellee (defendant).

BANKS, J. This action grew out of a collision between the automobile of the defendant and one in which the plaintiff was riding. The defendant offered evidence to prove that his automobile had come to a stop when it was struck by that in which the plaintiff was riding. In support of this contention a witness, Fisher, who was not a witness of the collision but had

arrived at the scene some minutes later, testified that he had observed the conditions with reference to the defendant's car, and was then asked whether in his opinion it had moved at all after it was struck. Upon objection that it did not appear that the witness had made sufficient examination to determine that fact, he was asked as to the examination he had made and then, the original question being repeated, testified that he did not think it would have been possible for the car to have moved under its own power. Being inquired of further as to the condition of the car, he testified that if it had been moved from its position the spokes of the front wheel, which was wrecked, would have been crushed and left behind the car, and if the car had moved the wheel would have been twisted off. Counsel for the plaintiff then moved that the entire evidence be stricken out on the ground that the witness' opinion was of no importance, which motion was denied and an exception noted. Two other witnesses were asked substantially the same question and the same ruling was made.

The point in issue here was whether the defendant's car moved after it was struck. These witnesses saw and examined the car shortly after the accident and testified in substance that the damage to the front wheel was such that the car could not have moved after it was struck. The objection is made that the court should have limited the testimony to a statement of the facts—the nature and extent of the damage to the car—and should have excluded the conclusion of the witnesses that the car could not have moved after it was struck. The appellant invokes the rule that opinion evidence may not be given by a non-expert witness based upon facts and conditions which can be made clear to the trier without the conclusion of the witness. When the data which the witness has

observed can be so completely and exactly reproduced by him as to give the jury the exact impression they gave to him, his testimony as to such impression or conclusion is said to be superfluous since the jury is then in a position to draw its own conclusion. The difficulty in the application of the rule arises in determining when the constituent facts and conditions in any particular case are such as to justify the exclusion of the opinion or conclusion of the witness. It is not excluded simply because it is an opinion. His conclusion is the sum of what he saw, and in its final analysis the offer is to prove a fact and not an opinion. "Every trial, as a rule, is filled with so-called opinion evidence from the nonexpert witness; it is so constant and so common it is not distinguished from other evidence except in the occasional instance. With a better understanding of when and how opinion evidence from nonexpert witnesses may be used, we find in trials its use increasing, and with the growing complexity of our life this is inevitable and indispensable if we would reach the truth. There is only one test for the nonexpert opinion: Is the evidence relevant, is it the best the nature of the case admits of, and does it come from a competent witness? *Hardy* v. *Merrill,* 56 N. H. 227, 241. If these conditions are fulfilled, the evidence is admitted from necessity, because either the witness cannot otherwise describe it, or describe it in its force, extent, and meaning so that another may see or know what he saw and knew. The same rule and the same reason for the rule exists whether the opinion relate to physical or mental conditions." *Atwood* v. *Atwood,* 84 Conn. 169, 174, 79 Atl. 59. 4 Wigmore on Evidence (2d Ed.) § 1928. When such nonexpert opinion evidence will probably aid the triers in their search for the truth it meets the ultimate test of admissibility, and is not to

be excluded because it states the conclusion of the witness based upon his observation and knowledge. We have repeatedly upheld the admissibility of such opinion evidence both as to physical and mental conditions. *Atwood* v. *Atwood, supra; Turner's Appeal,* 72 Conn. 305, 44 Atl. 310; *Spencer's Appeal,* 77 Conn. 638, 60 Atl. 289; *Barber* v. *Manchester,* 72 Conn. 675, 45 Atl. 1014; *Ryan* v. *Bristol,* 63 Conn. 26, 27 Atl. 309; *Sydleman* v. *Beckwith,* 43 Conn. 9; *Clinton* v. *Howard,* 42 Conn. 294; *Dunham's Appeal,* 27 Conn. 192.

That the defendant's car was so badly damaged that it could not move under its own power was a simple statement of fact. It was based upon the observation of the witnesses. The element of inference in the evidence was only such as plays a greater or less part in the testimony of every witness. The jury might have drawn an inference as to the immobility of the car from the evidence as to the character of the damage to the wheel, but that evidence alone did not put them in the position of the witness who had seen it, and it did not describe the situation with the same force and meaning as the direct statement of the witness that the car was damaged so that it could not move. It was well within the discretion of the trial court to admit this conclusion of the witnesses, which could be tested if desired by cross-examination as to the facts upon which it was based. *Spencer's Appeal, supra,* p. 643.

There is no error.

In this opinion the other judges concurred.