GOODRICH OIL BURNER MANUFACTURING COMPANY *v.* C. W. COOKE ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued March 8—decided April 16, 1940.

*T. Holmes Bracken,* for the appellants (defendants).

*Spencer S. Hoyt,* with whom was *Walter Mulvihill,* for the appellee (plaintiff).

JENNINGS, J. The plaintiff brought suit for labor performed and materials furnished in the repair of the refrigerating plant of the defendants. The defendants filed a general denial, special defense, and counterclaim. After an adverse verdict the defendants appealed claiming errors in the charge and in rulings on evidence.

The allegations of the special defense are fully supported by the defendants' claims of proof as set forth in the finding and may be summarized as follows: The defendants are engaged in the business of raising, storing, and selling apples at wholesale and retail. To that end they operate a large cooling or refrigerator plant in Branford. At the time of the transaction under consideration they had in storage large quantities of apples owned by them and others. The plaintiff sold

and serviced such plants and held itself out generally to the public as a refrigerating expert and engineer, skilled in the business.

On November 9, 1937, the refrigerating plant of the defendants froze and they employed the plaintiff to repair it. In making the repairs, the plaintiffs failed to use due or proper care or skill in various respects, resulting in a much larger bill for labor performed and material furnished than would have been the case had the work been properly done, and resulting further in damage to the apples of the defendants and their bailors in an amount largely exceeding the bill of the plaintiff.

The plaintiff held itself out to be a skilled engineer. Its employees were not only experienced in the general repair of refrigerating plants but had frequently dealt with the precise problem confronting the defendants. There was no claim that the defendants had any technical knowledge of the operation or repair of such plants. The jury should have been instructed that the plaintiff was bound to exercise that degree of care which a skilled engineer of ordinary prudence engaged in the same line of business would have exercised in the same or similar circumstances. *Ferrie* v. *Sperry*, 85 Conn. 337, 343, 82 Atl. 577. This instruction, in substance, was given on one occasion, but elsewhere in the charge the care required of the plaintiff was referred to as due care or merely the care of a reasonably prudent man. The jury were therefore left in the dark as to which standard should be applied to the plaintiff.

In discussing the counterclaim of the defendants and the claim of the plaintiff that they had been guilty of contributory negligence, the court correctly defined the degree of care which the defendants were required to exercise as that of a reasonably prudent man. In ap-

plying this to the facts, however, it suggested a course of conduct which would require technical knowledge. The jury should also have been cautioned that to find the defendants negligent they, in the exercise of reasonable care, must have realized that the conduct of the plaintiff would be likely to cause them loss. *Gipstein* v. *Kirshenbaum,* 118 Conn. 681, 687, 174 Atl. 261. The defendants claim that these instructions may have confused the jury and, reading the charge as a whole, we find this justified.

Since a new trial is necessary, the other assignments of error are only briefly noticed. Nothing in the record indicates that the hypothetical question excluded by the trial court would have in any way misled or confused the jury or was so lacking in essential facts as to be of no value in the decision of the case. Its exclusion on the ground that all existing facts or conditions were not included was error. *Jackson* v. *Waller,* 126 Conn. 294, 306, 10 Atl. (2d) 763. The defendants claimed that the charge eliminated consideration of the special defense. Certain factors, like damage to the defendants' apples, which belonged only in the counterclaim, were included in the special defense. They were not entitled to prove as a special defense, even pro tanto, any damages they suffered from the plaintiff's partial breach of contract. *Loveland* v. *Aymett's Auto Arcade, Inc.,* 121 Conn. 231, 237, 184 Atl. 376; *Kauffman* v. *Raeder,* 108 Fed. 171, 179, 184. The defendants would, however, be entitled to show under their general denial or special defense any circumstances which would go directly to reduce the reasonable value of the materials and labor furnished by the plaintiff. In so far as the charge excluded such matters from the consideration of the jury, it was too narrow. *Delano* v. *Keiser,* 84 Pa. Superior Ct. 468, 470.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.