IOLA L. MACDONALD *v.* HERBERT N. COTTON

BROWN, JENNINGS, ELLS, DICKENSON AND MOLLOY, JS.

Argued May 5—decided July 26, 1949.

*V. J. Sacco,* with whom was *Theodore M. Maltbie,* for the appellant (plaintiff).

*P. Corbin Kohn,* with whom, on the brief, was *John B. Lee,* for the appellee (defendant).

JENNINGS, J. The plaintiff brought suit for personal injuries claimed to have been sustained by her when the car in which she was riding as a passenger, described as the MacDonald car, was in collision with the car driven by the defendant. The trial court denied the plaintiff's motion to set aside the defendant's verdict. This is the only error assigned.

The jury reasonably could have found the following facts: The defendant was in his coupe, which was parked, headed south, between two parked cars on the west side of Main Street in Windsor Locks. He turned his head and looked out his rear window and looked into his rear-view mirror but saw nothing coming. He put his hand up to his window and signaled, turned left and started out into the street. When he was opposite the car which had been parked ahead of him, he looked to his left for the first time and saw the Mac-Donald car coming diagonally across the road toward him. He put on his brakes hard but the other car hit and bent his left front fender and hit the left end of his front bumper and tore it off.

The plaintiff claimed that the MacDonald car was not coming across the street diagonally but had turned around a considerable distance to the north and was proceeding south next to the parked cars on the west side of the street when there was a crash, and that she discovered later that this was due to the defendant's

pulling out from the curb and running into the right side of the MacDonald car.

The rules governing the action of this court in passing on appeals from denials of motions to set aside verdicts have been frequently stated. A reference to *Horvath* v. *Tontini,* 126 Conn. 462, 464, 11 A. 2d 846, is sufficient.

The plaintiff has analyzed the testimony in detail. The physical facts adduced by her are not such as to make the defendant's story incredible. Her brief stresses two specific reasons why the verdict should have been set aside as a matter of law. She first claims that the defendant on his own testimony did not keep a proper lookout. The above statement of the defendant's conduct is a sufficient answer to this rather indefinite assignment. He looked back twice and signaled, and the jury reasonably could have concluded that he had no reason to expect that the MacDonald car would cut in ahead of him on a diagonal. As suggested by the trial court, even if his conduct was negligent in this respect, it does not follow as a matter of law that it was the proximate cause of the plaintiff's injuries. The jury reasonably could have concluded that the conduct of the driver of the MacDonald car was the sole proximate cause of the collision. *Estabrook* v. *Main,* 110 Conn. 271, 275, 147 A. 822.

As to the plaintiff's second claim, General Statutes, Cum. Sup. 1935, § 637c (Rev. 1949, § 2494) provides in part that each driver of a vehicle who intends to draw away from a curb shall indicate by signal such intention and the direction in which he intends to proceed. On direct examination the defendant testified: "I had my window down about four inches and when I went out I put my hand, finger, up to the window and pointed that I was going directly down the road, down the street. . . ." On his cross-examina-

tion the following occurred: "A. My window was down about three or four inches and I just put my finger up to the open part of the window and I signaled that I was going ahead. . . . Q. Motioned like this? A. Yes; up to the top of the window. It was open about four inches." Very likely a better signal could have been given. In view of the very general terms of the statute and the fact that the type of motion made by the cross-examiner does not appear of record but was seen by the jury, we cannot say that the jury reasonably could not find that a proper signal was given or that a failure to give such a signal was not a substantial factor in causing the collision.

The action of the trial court in denying the motion to set aside the verdict was correct.

There is no error.

In this opinion BROWN, DICKENSON and MOLLOY, Js., concurred; ELLS, J., concurred in the result.