Fred E. Stephanofsky, Administrator (Estate of Frederick J. Stephanofsky) *v.* G. Albert Hill, Highway Commissioner

Maltbie, C. J., Brown, Jennings, Dickenson and Inglis, Js.

Argued December 7, 1949—decided February 7, 1950.

*Charles G. Albom*, with whom, on the brief, was *Joseph N. Perelmutter*, for the appellant (plaintiff).

*Henry J. Lyons*, with whom, on the brief, was *J. Kenneth Bradley*, for the appellee (defendant).

BROWN, J. The plaintiff administrator sued the state highway commissioner for damages for the death of his son, the intestate, alleged to have resulted when his automobile collided with posts at a culvert by reason of the defective condition of the state highway at that point. The court rendered judgment for the defendant pursuant to the jury's verdict, and the plaintiff has appealed on the sole ground that the court erred in a ruling upon evidence. The limitation of the issue on appeal to the real point of serious controversy is to be highly commended.

About 1:40 a. m. on October 5, 1947, the intestate was driving his car southerly on a state highway in Seymour and ran into posts surrounding a culvert on the west edge of the highway. The car broke off one of the posts and damaged two others, continued along on the roadway for thirty feet, climbed the embankment to the west, and proceeded on until it re-entered the highway and turned over at a point ninety feet south of the point of impact. The intestate was thrown out and fatally injured. There was evidence that under the conditions the location of the culvert

posts rendered the highway defective at this point. The claims of the parties were conflicting as to the speed of the car, the plaintiff claiming that it was from twenty-five to thirty miles per hour and the defendant that it was from forty-five to fifty miles per hour. As the case was presented to the jury, a determinative issue was whether or not the intestate was guilty of contributory negligence. The jury answered an interrogatory based on this issue in the affirmative. A material factor involved in this finding was the speed of the intestate's car.

A state policeman, through whom the plaintiff introduced certain photographs of the damaged car and of the locus, testified that he had had eleven years' experience as a police officer, that most of his time was spent investigating accidents and that he had been acting as a photographer for eight years and took photographs of accidents of a serious nature. He had not observed this accident, but the pictures were taken by him as a part of the routine of the investigation. The defendant later called him as a witness and counsel then recited that it had been testified that "as a result of this accident at the four highway posts at the culvert one was pushed over to a forty-five-degree angle, another being a chestnut post eight inches in diameter at the base was broken off at the base flush with the ground, and the third was knocked flat and split down the middle; that thereafter the car went thirty feet according to marks on the road and up nine feet on that bank that is shown in Exhibit 'B,' and subsequently came to rest eighty feet from the point of the original impact, and that the body of the decedent was found nineteen and one-half feet farther south, that is, from the car." Counsel then inquired of the witness whether, on the basis of that information, also taking into consideration the conditions existing that night,

and of the condition of the automobile as shown in the photograph that he had seen and identified, and from what he had observed of the car itself, he had an opinion of the speed at which this vehicle was traveling immediately prior to the impact. After the witness had answered in the affirmative, he was asked: "What in your opinion is that speed?" The plaintiff objected on the ground that there was no sufficient basis to warrant the witness' stating his opinion as to the speed of the car. The court allowed the question, observing, "The objection goes to the weight rather than the admissibility." The plaintiff duly excepted, and the witness answered, "I would estimate it somewhere in the neighborhood of forty-five to fifty miles an hour."

Our decisions recognize two distinct kinds of opinion evidence. "The general rule is that witnesses must state facts and not their individual opinions, but there are exceptions to this rule as well established as the rule itself. Besides the case of experts where the subject matter requires special study, skill and experience, the opinions of common observers in regard to common appearances, facts and conditions have been received as evidence in a great variety of cases. . . . These [latter] exceptions to the general rule are allowed on the ground of necessity, where the subject of inquiry is so indefinite and general as not to be susceptible of direct proof, or where the facts on which the witness bases his opinion are so numerous or so evanescent that they cannot be held in the memory and detailed to the jury precisely as they appeared to the witness at the time. To render opinions of common witnesses admissible it is indispensable that the opinions be founded on their own personal observation, and not on the testimony of others or on any hypothetical statement of facts, as is permitted in the case

of experts." *Sydleman* v. *Beckwith,* 43 Conn. 9, 11. The principle justifying the admission of evidence of the second kind has often been applied. *Spencer's Appeal,* 77 Conn. 638, 643, 60 A. 289; *Atwood* v. *Atwood,* 84 Conn. 169, 172, 79 A. 59; *MacLaren* v. *Bishop,* 113 Conn. 312, 314, 155 A. 210; *State* v. *McCarthy,* 133 Conn. 171, 176, 49 A. 2d 594. Testimony of this nature is not admitted as the expression of opinion by an expert. *Barber* v. *Manchester,* 72 Conn. 675, 684, 45 A. 1014.

The hypothetical question put in the instant case and the fact that the only knowledge of the accident which the witness had by his own observation was acquired on the morning after it happened, when the damaged car had been removed, make clear that the inquiry was one calling for his opinion as an expert and so was not rendered admissible by the authority cited above. When this kind of expert evidence is offered, proper objection can require the court to deal with it in two distinct procedural steps in order to determine its admissibility: first, to pass upon whether the witness is duly qualified to testify as an expert; and, second, to pass upon whether the question calling for his opinion is itself properly admissible. The objection which the plaintiff interposed involved a ruling by the court upon the second ground only. This called for the determination whether the facts as incorporated in the question afforded a basis sufficient to warrant permitting the witness to state his opinion as to the speed of the car just before it collided with the culvert posts. Such an opinion by the witness as to the definite speed of the car before the accident, based as it was on subsequent events, involved too many unknown elements to admit of any degree of certainty. Manifestly the damage to the posts and to the front end of the plaintiff's car of itself afforded no sufficient

basis for determining the number of miles per hour it was traveling at the time of impact. The very real possibility, if not probability, that the collision with the posts caused increased pressure of the driver's foot upon the accelerator, with consequent automatic increase of the speed of the car, suggests but one unknown element. Under the circumstances, the further facts concerning the course taken and the distance covered by the car after it struck the posts are of slight materiality.

It is, of course, true that it is not essential that a hypothetical question include all of the material facts which have been testified to. *Goodrich Oil Burner Mfg. Co.* v. *Cooke,* 126 Conn. 551, 554, 12 A. 2d 833; *Jackson* v. *Waller,* 126 Conn. 294, 306, 10 A. 2d 763. To render the question admissible, however, the facts assumed therein must be sufficient to justify a definite and intelligent opinion. *Hall* v. *Sera,* 112 Conn. 291, 297, 152 A. 148. That requirement was not satisfied by the question propounded in this case. The facts stated therein were not sufficient to afford the basis for a reasonable opinion as to the speed at which the car was traveling. The answer, "forty-five to fifty miles per hour," therefore amounted to nothing more than a guess. Such testimony does not constitute credible evidence. To qualify as credible testimony, the opinion of an expert must be "one which the rational mind would reasonably reach upon the established facts." *Madore* v. *New Departure Mfg. Co.,* 104 Conn. 709, 714, 134 A. 259. "An opinion of an expert may be unreasonable because the grounds upon which it rests are so unreasonable as to make it an error of law for a court to base its decision upon the opinion." *Driscoll* v. *Jewell Belting Co.,* 96 Conn. 295, 299, 114 A. 109; *Kulak* v. *Landers, Frary & Clark,* 120 Conn. 606, 608, 181 A. 720; *Burdick* v. *United States Finishing Co.,*

130 Conn. 455, 458, 35 A. 2d 405; see *Di Biase* v. *Garnsey,* 106 Conn. 86, 89, 136 A. 871. Inasmuch as such testimony as that objected to in this instance would not justify a trier in coming to any conclusion as to the speed of the car, it was not proper evidence for a jury's consideration. *Myers* v. *Shell Petroleum Corporation,* 153 Kan. 287, 302, 110 P. 2d 810; *Kanne* v. *Metropolitan Life Ins. Co.,* 310 Ill. App. 524, 530, 34 N. E. 2d 732; *Atlantic Life Ins. Co.* v. *Vaughan,* 71 F. 2d 394, 395; see *Estabrook* v. *Main,* 110 Conn. 271, 272, 147 A. 822; *Stitham* v. *LeWare,* 134 Conn. 681, 682, 60 A. 2d 658. The court was, therefore, in error in allowing the question objected to. *Sweeney* v. *Blue Anchor Beverage Co.,* 325 Pa. 216, 222, 189 A. 331; 32 C. J. S. 220, § 522; 20 Am. Jur. 667, § 795.

As a practical matter, the danger of admitting conjectural opinion evidence of this nature is evident, and the fact that in this case it was introduced through an officer of the law renders the probability of its improper effect on the jury and of consequent prejudice to the plaintiff particularly apparent. Our conclusion that the evidence was not admissible is in accord with the very substantial weight of authority which holds that opinion evidence as to the speed of a car at the time an accident occurred, based on the appearance or condition of the car and the locus after the accident, is inadmissible, upon the ground that the conclusion if given would amount to a mere guess. *Tyndall* v. *Harvey C. Hines Co.,* 226 N. C. 620, 622, 38 S. E. 2d 828; *Nelson* v. *Hedin,* 184 Iowa 657, 659, 169 N. W. 37; *Roberts* v. *Koons,* 230 Iowa 92, 95, 296 N. W. 811; *Johnston* v. *Peairs,* 117 Cal. App. 208, 213, 216, 3 P. 2d 617; *Shams* v. *Saportas,* 152 Fla. 48, 52, 10 So. 2d 715; *Faris* v. *Burroughs Adding Machine Co.,* 48 Idaho 310, 323, 282 P. 72; note, 133 A. L. R. 726. In *Freeman* v. *Scahill,* 92 N. H. 471, 472, 32 A. 2d 817, the only de-

cision relied upon by the defendant in argument as supporting his contention, the sole objection to admitting such opinion evidence of speed was lack of qualification of the witness, and the court did not consider whether the evidence should have been excluded as a guess. Furthermore, none of the four New Hampshire decisions cited there presents a comparable factual situation.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion MALTBIE, C. J., DICKENSON and INGLIS, Js., concurred.

JENNINGS, J. (dissenting). The majority opinion holds that the admission of the answer of the state police officer was prejudicial error because the question did not contain sufficient facts to form the basis of an opinion. I think the remark of the trial judge that objections to such testimony go to its weight rather than to its admissibility expressed the correct rule. Connecticut has been quite liberal in this regard. *Nesbit* v. *Crosby,* 74 Conn. 554, 565, 51 A. 550; *Wray* v. *Fairfield Amusement Co.,* 126 Conn. 221, 224, 10 A. 2d 600; *Rogoff* v. *Southern New England Contractors Supply Co.,* 129 Conn. 687, 691, 31 A. 2d 29. The better reasoning seems to me to support the policy hitherto in effect here. Professor Wigmore says the rule excluding such evidence will soon cease to exist. 7 Wigmore, Evidence (3d Ed.) §§ 1929, 1977. This accident happened in 1947. The case should not be sent back for a new trial unless the error was so serious as to require that course. I go no further in this dissenting opinion than to list some of the grounds on which, I submit, a new trial could be avoided. The ruling was correct. *Wray* and *Rogoff* cases, supra; Wigmore, loc. cit.; *Jackson* v. *Anthony,* 282 Mass. 540, 543, 185 N. E. 389;

*Lenehan* v. *Travers*, 288 Mass. 156, 158, 192 N. E. 495; *Fannon* v. *Morton*, 228 Ill. App. 415, 426; *Luethe* v. *Schmidt-Gaertner Co.*, 170 Wis. 590, 594, 176 N. W. 63; *Heidner* v. *Germschied*, 41 S. D. 430, 431, 171 N. W. 208. The ruling was within the discretion of the trial court. *Wray* case, supra; *Lenehan* v. *Travers*, supra, 159. The admission of the answer did not harm the plaintiff. The physical damage caused by the car was so extensive that it must either have overshadowed the testimony as to speed or have made it an honest and good estimate. Even if technically erroneous, such a single bit of testimony in general harmony with the other evidence should not be held reversible error. *State* v. *Kurz*, 131 Conn. 54, 65, 37 A. 2d 808. As Professor Wigmore comments (7 Wigmore, op. cit., p. 136), "that the law should require supreme judges to give time to the consideration of such infinitesimal quibbles in the mass of proof, will some day seem incredible."