STATE OF CONNECTICUT *v.* AUDREY J. MOLINAR

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 1-5188

Argued May 18—decided November 13, 1962

*E. Gaynor Brennan, Jr.,* of Stamford, for the appellant (defendant).

*Joseph J. Tooher, Jr.,* assistant prosecuting attorney, for the appellee (state).

Jacobs, J.  The defendant, convicted in a trial to the jury on a charge of speeding in violation of § 14-219 of the General Statutes, has appealed, assigning error in (1) the court's refusal to find certain material facts which were either admitted or undisputed; (2) the denial of the motion to set aside the verdict; (3) the denial of the motion for a new trial; and (4) certain rulings on evidence.

The jury could reasonably have found from the evidence the following facts:  On June 28, 1961, at about 12:30 a.m., the defendant was traveling in a northerly direction on High Ridge Road, a public highway in Stamford.  High Ridge Road is a four-lane highway, with two lanes in each direction.  The traffic was light, the road was dry, the weather was clear, and the area was lighted.  The defendant was operating a 1960 Ford Thunderbird which she had purchased in May, 1961.  It was equipped with

power brakes, power steering and puncture-proof tires. The car, which had only gone some 9000 miles at the time of the arrest, was in excellent mechanical condition. The posted speed limit on High Ridge Road is forty miles an hour. The defendant was clocked by a police officer for a distance of about a mile and three-quarters at a speed of between sixty and sixty-five miles an hour. In the course of the clock, the defendant passed through eight to ten intersecting streets and "passed a couple of vehicles heading north." The defendant was familiar with the locus, since she traversed High Ridge Road five or six times a day.

We first consider the ruling of the trial court in excluding a question designed to elicit the opinion of the police officer as to whether or not the speed at which the defendant was traveling during the course of the clock was unreasonable under all the circumstances. It is conceded that the police officer is an expert on the subject of speed of motor vehicles. "The rule is well established that the opinion of experts cannot be received in evidence where the subject-matter of inquiry may be presumed to lie within the common experience of all men of ordinary knowledge. . . . If the facts can be placed before a jury and are of such a nature that jurors generally are just as competent to form opinions in reference to them and draw inferences from them as the witnesses, the opinions of experts cannot be received. The fact that the expert witness may know more of the subject and better comprehend and appreciate it than the jury is not sufficient to warrant the introduction of his testimony." Rogers, Expert Testimony (3d Ed.) pp. 50, 51. "The fact that the [expert] witness may have been more skilled and experienced than the jurors does not of itself justify expert testimony. Nor will expert testimony be permitted on the ultimate facts to be

determined by the jury, as, for instance, . . . whether an automobile can be safely operated under certain conditions." 15-16 Huddy, Automobile Law (9th Ed.) § 226, p. 406; 9c Blashfield, Automobile Law and Practice (Perm. Ed.) § 6312; 20 Am. Jur., Evidence, § 782; see *Reed* v. *Edison Electric Illuminating Co.*, 225 Mass. 163, 167 (whether "it was or was not 'safe and proper' to operate the car under the circumstances existing at the time, was a question of fact for the jury and not of expert opinion, and the answer of the witness . . . should not have been received"). "[T]he standard actually applied by the trial judges of today approaches more nearly the principle espoused by Wigmore, namely that the opinion should be rejected only when it is superfluous in the sense that it will be of no value to the jury." McCormick, Evidence, p. 23; 7 Wigmore, Evidence (3d Ed.) § 1918, citing *Sydleman* v. *Beckwith*, 43 Conn. 9, 12; see *Stephanofsky* v. *Hill*, 136 Conn. 379, 385, and cases cited. This is the kind of statement by the witness which amounts to little more than an expression of his belief as to how the case should be decided; it would virtually place him in the jury box to weigh the evidence. See *Smith* v. *Hickenbottom*, 57 Iowa 733, 738; 2 Jones, Evidence (5th Ed.) § 417. The ruling was within the discretion of the trial court. "The judge at the trial is in so much better position than an appellate court to determine when a witness should be permitted to give opinion evidence that his rulings should be accepted save in the most exceptional circumstances." Model Code of Evidence rule 401, comment c. "The rule also precludes opinions characterizing acts or conduct as . . . reasonable or unreasonable . . . ." 32 C.J.S., Evidence, pp. 83, 84 n.37. The court did not err in excluding the opinion of the police officer.

The defendant also assigns as error the court's refusal to permit her to examine the arrest sheet

which was made out by the police officer at the time of the arrest. It was a statement prepared by the arresting officer for the purpose of enabling the prosecuting attorney to perform the duties of his office. "[A]n adverse party has no right to demand its production." *State* v. *Zimnaruk,* 128 Conn. 124, 127, and cases cited. There was no evidence that the statements in the arrest sheet would contradict the testimony of the police officer. If the defendant believed there were material inconsistencies or contradictions in the statement, it was permissible to move for its inspection by the presiding judge. "Refusal of the accused's request for production of a writing in the prosecutor's possession may be based upon the failure to lay a proper foundation for requiring production by taking the necessary preliminary steps and by showing that the statement is at variance with the writer's testimony; the accused's request cannot be a mere fishing expedition." Note, 156 A.L.R. 345, 350, and cases cited. We cannot find error in the ruling of the trial court.

A further assignment of error is the court's refusal to grant a new trial on a claim of newly discovered evidence. It is alleged that the summons which had been issued to the defendant stated that she was operating her motor vehicle at sixty miles an hour; the original summons indicated she had been driving between sixty and sixty-five miles an hour. The summons was given to the defendant at the time of her arrest. It was in her possession at all times throughout the trial. The defendant by her own testimony conceded she was traveling at fifty-five miles an hour. "The granting of new trials for newly-discovered evidence will be allowed only where it is clear that the case does not run counter to our established rules. One of these is that the new evidence must be 'sufficient to turn the cause in favor of the applicant.' " *Apter* v. *Jordan,* 94 Conn.

139, 141. "Newly-discovered evidence which is merely cumulative, or which impeaches the reputation or credibility of a witness, will not suffice ordinarily to grant a new trial, and never unless it appears reasonably certain that injustice has been done in the judgment rendered, and that the result of a new trial will probably be different." Id., 143. "[A]nd upon such an application the court compares the old testimony with the new and decides, in the exercise of a sound discretion, whether injustice has probably been done, and whether the newly discovered evidence is likely to change the result." *Levine* v. *Union & New Haven Trust Co.*, 127 Conn. 435, 440. We cannot say upon this record that the discretion of the court was abused. See *Kliarsky* v. *Eastern Greyhound Lines, Inc.*, 116 Conn. 649, 651.

We next consider the assignment of error that the evidence did not warrant a conviction of speeding. "The degree of excess of speed over the posted limit is an important factor to be considered by the trier in determinining whether, under all the circumstances, a motor vehicle has been operated at a speed greater than was reasonable." *State* v. *Gordon*, 144 Conn. 399, 402. The defendant conceded that she was operating her automobile at least fifteen miles an hour in excess of the posted limit. She was clocked at a speed of between twenty and twenty-five miles an hour in excess of the posted limit. "It is an open question for the trier to decide whether, in any given case, the speed is actually unreasonable under all the circumstances." Ibid. "Its answer involved weighing conflicting evidence and passing upon the credibility of witnesses and testimony, and it [whether the speed was unreasonable or not] was thus brought distinctly and peculiarly within the jury's province." *Radwick* v. *Goldstein*, 90 Conn. 701, 706. There is nothing to indicate a prejudice on the part of the jury or improper in-

fluence affecting them. There was reasonable ground appearing in the evidence upon which the jury might have reached their conclusion. In these circumstances, the verdict cannot be set aside. *State* v. *Hayes,* 127 Conn. 543, 554.

There is no error.

In this opinion KINMONTH, J., concurred.

GEORGE, J. (dissenting). I am in full agreement with the majority on all aspects of this case except in regard to the rulings on evidence.

On cross-examination, the defendant asked the arresting officer the following question: "Officer, would you in your opinion say that the rate of speed that Miss Molinar was operating this automobile on the night in question, taking into consideration the weather, the use of the highway at the time, traffic conditions, was unreasonable?" To this question, the prosecutor objected without stating the grounds of his objection. The court then sustained the objection. The defendant stated the ground on which she claimed that the officer's opinion was admissible. *Casalo* v. *Claro,* 147 Conn. 625, 629; Practice Book § 155. The question for consideration is whether the court erred in refusing to allow the opinion of a police officer as to whether the defendant was operating her car at an unreasonable speed. The defendant contends that the police officer was qualified as an expert, and the trial court found that the police officer was qualified as an expert as to speed. The witness, Officer McGuiness, had been a member of the Stamford police department for ten and one-half years, during nine and one-half years of which time he was assigned to radio patrol duty. He had made other arrests in Connecticut for speeding. He had testified as to the weather conditions, traffic, posted speed limits and the condition of the road in

question and that he had clocked the defendant for a distance of one and three-fourths mile, noting her speed at sixty to sixty-five miles per hour. This testimony was based on the personal observation of the witness during the course of his pursuit of the defendant.

Even if we were to consider the officer as a non-expert witness, he could testify as to reasonableness of speed under all the conditions, provided his opinion was founded on his own personal observation and not on the testimony of others, nor on any hypothetical statement of facts. *Stephanofsky* v. *Hill,* 136 Conn. 379, 382. In Connecticut, nonexpert witnesses, using the test in the *Stephanofsky* case, have testified to the sufficiency of a dam; *Porter* v. *Pequonnoc Mfg. Co.,* 17 Conn. 249, 257; whether a bridge was dangerous; *Ryan* v. *Bristol,* 63 Conn. 26, 37; and whether a sidewalk was in a safe condition for travel. *Campbell* v. *New Haven,* 78 Conn. 394, 395. In *Dean* v. *Sharon,* 72 Conn. 667, 674, an expert witness was allowed to testify as to whether a highway was reasonably safe. Certainly Officer McGuiness could testify as to reasonableness of the accused's speed in view of his opportunity to observe and his own experience. Failure to admit such testimony was in error.

The gist of the crime of speeding in violation of § 14-219 is unreasonableness, in view of the width, traffic and use of the highway, the intersection of streets and the weather conditions, and Officer McGuiness' testimony could have assisted the jury in ultimately determining this question. As stated in 7 Wigmore, Evidence (2d Ed.) §§ 1921, 1923, the fact that an opinion touches the very issue before the jury is of no consequence. "[T]he only true criterion is: on *this subject* can a jury from *this person* receive appreciable help? In other words, the test is a relative one, depending upon the par-

ticular subject and the particular witness with reference to that subject, and is not fixed or limited to any class of persons acting professionally." Id. § 1923, p. 21. The jury are free to accept or reject such an opinion, for they are the final arbiters of the guilt or innocence of the accused. They should have had the benefit of Officer McGuiness' opinion. Failure to admit the evidence was detrimental and prejudicial to the accused's case because the opinion elicited could have helped and assisted the jury in their deliberations and because it went to the heart of the matter of the crime of speeding.

For the foregoing reasons, I feel that there is error and that the judgment ought to be set aside and a new trial ordered.